## SUPREME COURT.

### ROBERT N. WHEELOCK, Administrator, &c., agt. ELLIOTT W. STEWART.

Where a former *guardian* receives from his ward a general *power of attorney*, executed soon after the latter arrives at his majority, and under such power takes possession of the funds of the ward and appropriates them to his own use, he is liable to *arrest* for not paying over such funds when legally called upon, notwithstanding such guardian produces a letter from his ward written after he became of lawful age, but previous to the execution of the power of attorney, in which he says, "if you want to use any you are at liberty to do so."

The power of attorney did not confer the right to use the money, and the defendant was precluded from claiming it under the terms of the previous letter, as the power of attorney had superseded the letter. Besides, such contracts between a former guardian and his ward, though made after the latter becomes of lawful age, securing a benefit to the former, are suspicious, and are to be closely scrutinized, and generally disregarded by the courts.

*Erie Special Term, July*, 1864.

THE defendant moves for his discharge from arrest under an order made by one of the justices of this court. From the affidavits read, it is shown that he was formerly the

general guardian of the plaintiff's intestate, who became of the age of twenty-one years the twenty-third of July, 1861. On the fourteenth of the following September he executed and delivered a formal power of attorney to the defendant, empowering him to receive and collect the money and property which had previously been subject to his authority as guardian. Under the authority so conferred, and an order made on his petition, the securities which had been taken and held by the county treasurer for the benefit of the ward, were transferred and surrendered to the defendant. From those he received and afterwards used the moneys in question. And for a failure to pay them over when requested, this action was brought and the arrest was made.

GEO. BARKER, *for plaintiff.*
H. C. DAY, *for defendant.*

DANIELS, J. The defendant denies his liability to be arrested for the act and default referred to, by reason of a clause contained in a letter written to him on the fourth of August, 1861, by Hall, the intestate, who was then in the military service of the government as a volunteer. The clause relied upon related to the money in question, and is in these words : " If you want to use any you are at liberty to do so." The letter containing it was written twelve days after the ward obtained his majority, before any settlement had taken place between him and his guardian, and while their former relations substantially subsisted.

Under these circumstances, contracts between them securing a benefit to the former guardian are suspicious. They are to be closely scrutinized, and generally disregarded by courts of justice. For the former ward to a very considerable extent, still continues subject to the influence and control of the guardian, and the advantage secured

is deemed to have resulted from that source. (*Parsons on Contracts, vol.* 1, 115, 116 ; *Tiffany & Bullard on Trusts, &c.,* 134, 136 ; *Hill on Trustees,* 334 ; *Gale* agt. *Wells,* 12 *Barb.* 84.) There is no substantial reason for excluding the present case from the operation of this principle.

But before the securities were received, or the money derived from them had been used, the power of attorney was given, founding and defining new relations between the defendant and his former ward. No privilege is secured by this instrument to make use of the moneys which might be received under the authority conferred. Neither is any intention manifested in it to continue the liberty to use it which had been previously given in the letter. On the contrary, so far as its form and tenor extend, it must be construed as denying that privilege by implication ; for by its fair construction the defendant is subjected to the common obligation imposed upon persons bearing the relation created, of holding the money for his principal, ready to be paid over whenever it might be requested. That is the legal obligation arising from the form and object of the instrument. When it was executed and delivered, it became the only warrant of authority for the action of the defendant, superseding what, on that subject, had gone before it. (*Renard* agt. *Sampson,* 2 *Kernan,* 561, 566 ; *Story on Agency,* § 76.) And as the power of attorney did not confer the right to use the money, the defendant is precluded from claiming it under the terms of the previous letter.

The motion to discharge the order of arrest must be denied.